# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| WSOU Investments LLC doing business as Brazos Licensing and Development, | § § § § | |
| Plaintiffs, | § § | Civil Action No. 6:20-cv-00952-ADA Civil Action No. 6:20-cv-00953-ADA |
| v. | § § | Civil Action No. 6:20-cv-00956-ADA Civil Action No. 6:20-cv-00957-ADA |
| Oneplus Technology (Shenzhen) Co., Ltd., | § § | Civil Action No. 6:20-cv-00958-ADA |
| Defendant. | § § § | Jury Trial Demanded |

**<u>MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION</u>**

## TABLE OF CONTENTS

Page

I. INTRODUCTION ............................................................................................................. 1
II. PROCEDURAL HISTORY............................................................................................... 2
III. LEGAL STANDARD........................................................................................................ 2
    A. The Hague Convention ......................................................................................... 2
    B. Other Provisions and Considerations for Service Abroad .................................... 4
IV. ARGUMENT..................................................................................................................... 5
    A. Service Is Procedurally Ineffective Due To Failure To Follow The Hague Convention............................................................................................................. 6
    B. There Is No Valid Basis To Effect Service By Other Means ............................. 10
    C. Plaintiff's Habitual Attempts To Abrogate The Hague Convention Undermines International Comity............................................................................................ 11
V. CONCLUSION................................................................................................................ 12

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*In re Auto. Parts Antitrust Litig.*,
   No. 16-CV-04003, 2017 WL 10808851 (E.D. Mich. Nov. 2, 2017) ......................................... 4

*Baker Hughes Inc. v. Homa*,
   No. CIV.A. H-11-3757, 2012 WL 1551727 (S.D. Tex. Apr. 30, 2012) ............................. 5, 10

*Bayoil Supply & Trading of Bahamas v. Jorgen Jahre Shipping AS*,
   54 F. Supp. 2d 691 (S.D. Tex. 1999) .................................................................................. 4, 6

*C & F Sys., LLC v. Limpimax, S.A.*,
   2010 WL 65200 (W.D.Mich. Jan. 6, 2010) ........................................................................... 11

*Charles v. Sanchez*,
   No. EP-13-CV-00193-DCG, 2013 WL 12087219 (W.D. Tex. Aug. 5, 2013) ........................ 4

*Compass Bank v. Katz*,
   287 F.R.D. 392 (S.D. Tex. 2012) .................................................................................. 5, 7, 8

*Convergen Energy LLC v. Brooks*,
   No. 20-CV-3746 (LJL), 2020 WL 4038353 (S.D.N.Y. July 17, 2020) ................................... 4

*Drew Techs., Inc. v. Robert Bosch, L.L.C.*,
   No. 12-15622, 2013 WL 6797175 (E.D. Mich. Oct. 2, 2013) ................................................ 8

*Duarte v. Michelin N. Am., Inc.*,
   No. 2:13-CV-00050, 2013 WL 2289942 (S.D. Tex. May 23, 2013) .................................. 8, 9

*GLG Life Tech Corp. Sec. Litig,.*
   287 F.R.D. 262 (S.D.N.Y. 2012) ...................................................................................... 9, 10

*In re LDK Solar Sec. Litig.*,
   No. C 07-05182 WHA, 2008 WL 2415186 (N.D. Cal. June 12, 2008) ............................ 3, 10

*Medellin v. Texas*,
   552 U.S. 491 (2008) .............................................................................................................. 11

*Midmark Corp. v. Janak Healthcare Private Ltd.*,
   No. 3:14-cv-088, 2014 WL 1764704 (S.D. Ohio May 1, 2014) ....................................... 5, 11

Case 6:20-cv-00958-ADA   Document 20   Filed 02/26/21   Page 4 of 19

*Mullane v. Cent. Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950) ..................................................................................................... 2

*Nuance Commc'ns, Inc. v. Abbyy Software House*,
    626 F.3d 1222 (Fed. Cir. 2010) .................................................................................... 9

*Omni Capital Int'l v. Rudolf Wolff & Co.*,
    484 U.S. 97 (1987) ....................................................................................................... 2

*Prem Sales, LLC v. Guangdong Chigo Heating & Ventilation Equip. Co.*,
    No. 5:20-CV-141-M-BQ, 2020 WL 6063452 (N.D. Tex. Oct. 14, 2020) .................. 11

*Rio Properties, Inc. v. Rio Int'l Interlink*,
    284 F.3d 1007 (9th Cir. 2002) ............................................................................. passim

*Sheets v. Yamaha Motors Corp., U.S.A.*,
    891 F.2d 533 (5th Cir. 1990) .................................................................................. 3, 6

*STC.UNM v. Taiwan Semiconductor Mfg. Co., Ltd.*,
    6:19-cv-00261-ADA (W.D. Tex. May 29, 2019) ........................................................ 6

*Stream SICAV v. Wang*,
    989 F. Supp. 2d 264 (S.D.N.Y. 2013) ......................................................................... 9

*Terrestrial Comms LLC v. NEC Corp.*,
    No. 6-20-CV-00096-ADA, 2020 WL 3452989 (W.D. Tex. June 24, 2020) ......... 5, 11

*UNM Rainforest Innovations v. D-Link Corp.*,
    No. 6-20-CV-00143-ADA, 2020 WL 3965015 (W.D. Tex. July 13, 2020) .......... 5, 11

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
    486 U.S. 694, 699-706 (1998) ................................................................................ 3, 7

*WSOU Investments LLC v. Canon, Inc.*
    Case No. 6:20-cv-984, D.E. 8 ................................................................................... 12

**Statutes**

Tex. Civ. Prac. & Rem. Code Ann. §§ 17.043 *et seq.* .................................................. 4, 6

**Treaties**

Convention on the Service Abroad of Judicial and Extrajudicial Documents in
    Civil or Commercial Matters ("Hague Convention"), Nov. 15 1965, 20 U.S.T.
    361 ..................................................................................................................... passim

**Other Authorities**

Fed. R. Civ. Proc. 4 ........................................................................................................ passim

Fed. R. Civ. Proc. 12 ................................................................................................................. 2

I.        **INTRODUCTION**

The United States and China are parties to the Hague Convention—a multilateral treaty governing service of legal documents between their borders. The Hague Convention allows contracting nations some measure of control over the flow of legal process within their borders while creating "appropriate means to ensure that judicial and extrajudicial documents to be served abroad shall be brought to the notice of the addressee in sufficient time" and to "improve the organisation of mutual judicial assistance for that purpose by simplifying and expediting the procedure." Hague Convention (20 U.S.T. 361) at Preamble. The treaty applies when legal process—such as the complaints at issue here—must be sent abroad under the forum-state's long-arm statute.

WSOU has taken the position—in this case and in over 20 others filed in the last five months—that it can circumvent the Hague Convention by seeking alternative service under Rule 4(f)(3). To the contrary, WSOU is bound by the same procedural rules that apply to other plaintiffs seeking to litigate their claims in Texas.

WSOU's approach to service should be rejected for three reasons. First, WSOU fundamentally misreads the Texas long-arm statute, which requires process served on a foreign defendant to be sent abroad. This requirement to serve abroad triggers the obligation to comply with the Hague Convention and leaves no room for substituted service under Rule 4(f)(3). Second, WSOU failed to provide any reason why court intervention altering the service requirements was necessary in this case. Finally, WSOU has shown a pattern and practice of ignoring the Hague Convention and prematurely exploiting a purported loophole in the Federal Rules of Civil Procedure. WSOU's approach not only conflicts with the rules, but also undermines international comity by simply disregarding as a nuisance the Hague Convention and

its carefully crafted balancing of interests.  For all these reasons, WSOU's insufficient attempt at service should be rejected and the case dismissed.

## II. PROCEDURAL HISTORY

WSOU filed motions for substitute service under Rule 4(f)(3) on December 3, 2020 (ECF No. 8) which were granted *ex parte*, without opinion, on December 16, 2020 via text-only docket entry.  Purported "summons[es] returned executed" were filed on January 8, 2021.  ECF No. 10.  The instant motion moves for dismissal pursuant to Rules 12(b)(2) and (5).

## III. LEGAL STANDARD

Under Federal Rules of Civil Procedure 12(b) (2) and (5), a defendant may move to dismiss a case for "insufficient service of process" (Rule 12(b)(5)) and the resultant "lack of personal jurisdiction" (Rule 12(b)(2)).  Sufficient service of process requires compliance with (1) fundamental due process, such that the service is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" (*Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)), and (2) "the procedural requirement of service of summons" as set forth in Fed. R. Civ. Proc. 4 and any relevant state rules or treaties (*Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)).  Attention to both norms of due process *and* procedural formalities are separate requirements, each of which must be satisfied before a court can exercise personal jurisdiction.  *Omni Capital Int'l*, 484 U.S. at 104.  The latter point is at issue in this case.

### A. The Hague Convention

The United States and China are both contracting parties to the Hague Convention.  20 U.S.T. 361; *see also* Chiaviello Decl. Ex. 1 (listing Convention members).  Article 1 of the Hague Convention provides:

2

> The present Convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad.
>
> This Convention shall not apply where the address of the person to be served with the document is not known.

Under the Convention, member states provide a "central authority" responsible for receiving and effecting service from abroad consistent with domestic policies. *Id.* Arts. 2-7.[1]

To determine whether a case creates "an occasion to transmit a judicial … document for service abroad" the Fifth Circuit directs that "courts are to look to the method of service prescribed by the internal law of the forum state." *Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d 533, 536–37 (5th Cir. 1990) (*citing Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699-706 (1998)). The Hague Convention is triggered—and "shall apply" (20 U.S.T. 361 Art. 1)—if the state method of serving process "involves the transmittal of documents abroad." *Sheets*, 891 F.2d at 537; *see also Schlunk*, 486 U.S. at 706-07 ("the Illinois long-arm statute authorized Schlunk to serve VWAG by substitute service on VWOA … Where service on a domestic agent is valid and complete under both state law and the Due Process Clause, our inquiry ends and the Convention has no further implications").[2]

---

[1] Some member nations to the Convention permit parties to continue to freely send service-documents by mail, but this is limited to cases where "the State of destination does not object." 20 U.S.T. 361 Art. 10. China objects to such service under the Hague Convention. *See* Chiaviello Decl. Ex. 2; *In re LDK Solar Sec. Litig.*, No. C 07-05182 WHA, 2008 WL 2415186, at *1 (N.D. Cal. June 12, 2008) ("China, however, objected to Article 10 of the Convention").

[2] This is also consistent with the different procedures for domestic and foreign service under Fed. R. Civ. Proc. 4. When serving a defendant "[w]ithin a Judicial District of the United States" service can be effected by "following state law for serving a summons" (Fed. R. Civ. Proc. 4(e)(1)), whereas only when an entity is "served at a place not within any judicial district of the of the

3

Here, Texas' long arm statute provides that an out-of-state business may be served directly to the "person in charge" of the defendant's in-state business branch or via the Texas Secretary of State as agent for service of process. Tex. Civ. Prac. & Rem. Code Ann. §§ 17.043-44 (West). **But in either case, the long arm statute also requires sending documents to the defendant's foreign business address.** *See id.* §§ 17.045(a) ("If the secretary of state is served with duplicate copies of process for a nonresident, the documents shall contain a statement of the name and address of the nonresident's home or home office and the secretary of state shall immediately mail a copy of the process to the nonresident at the address provided") and (c) ("If the person in charge of a nonresident's business is served with process under Section 17.043, a copy of the process and notice of the service must be immediately mailed to the nonresident or the nonresident's principal place of business."); *Bayoil Supply & Trading of Bahamas v. Jorgen Jahre Shipping AS*, 54 F. Supp. 2d 691, 693 (S.D. Tex. 1999) ("Because Defendant is a foreign resident, notice must be mailed abroad, triggering the requirements of the Hague Convention.").

B.      Other Provisions and Considerations for Service Abroad

When not preempted, Rule 4(f)(3) also permits the court to direct service abroad "by other means not prohibited by international agreement, as the court orders." The leading case describing application of Rule 4(f)(3), cited by WSOU (ECF No. 8 at 3) and numerous courts in the Fifth Circuit, is *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002).

---

United States" (Fed. R. Civ. Proc. 4(f)), is the court empowered to allow service "by other means not prohibited by international agreement." Fed. R. Civ. Proc. 4(f)(3). *See Charles v. Sanchez*, No. EP-13-CV-00193-DCG, 2013 WL 12087219, at *3–4 (W.D. Tex. Aug. 5, 2013) (comparing service under Rule 4(e) and 4(f)); *Convergen Energy LLC v. Brooks*, No. 20-CV-3746 (LJL), 2020 WL 4038353, at *2, 7 (S.D.N.Y. July 17, 2020) (Rule 4(f)(3) does not permit service on US counsel where service would be effected within the United States); *In re Auto. Parts Antitrust Litig.*, No. 16-CV-04003, 2017 WL 10808851, at *2 (E.D. Mich. Nov. 2, 2017) ("the plain language of Rule 4(f)(3) limits the Rule to service made outside of the United States").

Under *Rio*, so long as alternate service is not prohibited by an international agreement, a court can exercise discretion under Rule 4(f)(3) to order service be effected in a foreign country by "other means" where "facts and circumstances of the present case necessitate[] the district court's intervention." *Id.* at 1016. A plaintiff's request to serve by "other means" must specifically "demonstrate why the facts and circumstances of the present case necessitate the district court's intervention." *Compass Bank v. Katz*, 287 F.R.D. 392, 395 (S.D. Tex. 2012) (internal quotations omitted). "[A] plaintiff should never seek alternative service under Rule 4(f)(3) merely to 'expedite the process and avoid additional costs of service.'" *Id.*; *Baker Hughes Inc. v. Homa*, No. CIV.A. H-11-3757, 2012 WL 1551727, at *17 (S.D. Tex. Apr. 30, 2012).

Finally, "even when 'other methods of obtaining service of process are technically allowed, principles of comity encourage the court to insist, as a matter of discretion, that a plaintiff attempt to follow foreign law in its efforts to secure service of process upon defendant.'" *UNM Rainforest Innovations v. D-Link Corp.*, No. 6-20-CV-00143-ADA, 2020 WL 3965015, at *4 (W.D. Tex. July 13, 2020) (*quoting Midmark Corp. v. Janak Healthcare Private Ltd.*, No. 3:14-cv-088, 2014 WL 1764704, at *2 (S.D. Ohio May 1, 2014)); *Terrestrial Comms LLC v. NEC Corp.*, No. 6-20-CV-00096-ADA, 2020 WL 3452989, at *2 (W.D. Tex. June 24, 2020) (same).

IV.  **ARGUMENT**

As discussed above, the United States and China are members of the Hague Convention and are bound by its terms. Texas law requires the transmission of documents abroad when a foreign company is sued, and Defendant OnePlus Technology (Shenzhen) Co., Ltd. ("OnePlus Shenzhen") is a foreign corporation. Accordingly, compliance with the Hague Convention is required. WSOU has not even attempted to serve OnePlus Shenzhen under the Hague

5

Convention and has not otherwise served process on OnePlus Shenzhen in China. This is insufficient as a matter of law and the case should be dismissed for insufficient service of process and lack of personal jurisdiction.

Even if WSOU could evade application of the Hague Convention, there is no justification for alternative service in this case. WSOU's motion for alternate service (ECF No. 8) cites no circumstances in this case that necessitate court intervention. Rather, WSOU's habitual attempts to circumvent the Hague Convention are contrary to international comity. The minute-order permitting such service should be vacated and the service of summons quashed.

### A. Service Is Procedurally Ineffective Due To Failure To Follow The Hague Convention

Compliance with the Hague Convention is mandatory because the text of the treaty provides that it "shall apply" when there is "occasion" to serve documents abroad. 20 U.S.T. 361 Art. 1. As discussed above, such an occasion has arisen in this case because, according to the Complaint, WSOU has sued a defendant located in China (ECF No. 1 ¶ 2) in a Texas court, and Texas long-arm statute expressly requires transmittal of documents abroad. Tex. Civ. Prac. & Rem. Code Ann. §§ 17.043-45 (West); *Sheets*, 891 F.2d at 536–37 (5th Cir. 1990); *Bayoil Supply*, 54 F. Supp. 2d at 693.

Rule 4(f)(3) does not override these requirements, because it only applies when alternative forms of service are "not prohibited by international agreement." Fed. R. Civ. Proc. 4(f)(3). But through repeated use of imperative language—"shall" and "will" instead of "may" and "could"—the Hague Convention establishes a mandatory framework for service between member nations that prohibits alternatives. WSOU's authority does say otherwise.

WSOU's authority is inapposite because those cases did not implicate the Hague Convention. In *STC.UNM v. Taiwan Semiconductor Mfg. Co., Ltd.*, (6:19-cv-00261-ADA (W.D.

6

Tex. May 29, 2019) DE 13 (citing *Rio*, 284 F.3d at 1014) (ECF No. 8 at 3)), this Court ordered alternative service only after explaining that the Defendant was in Taiwan, and that Taiwan is not a party to the Hague Convention. *Id.* at 2. Likewise, when *Rio* was decided, Costa Rica was not a party to the Convention. *Rio*, 284 F.3d at 1015, fn. 4 ("The parties agree, however, that the Hague Convention does not apply in this case because Costa Rica is not a signatory.")

In fact, *Rio* expressly warns that "[a] federal court would be prohibited from issuing a Rule 4(f)(3) order in contravention of an international agreement, ***including the Hague Convention*** referenced in Rule 4(f)(1)." 284 F.3d at 1015, fn. 4. (emphasis added). Texas courts have reiterated this admonition. *Compass Bank*, 287 F.R.D. at 394 (S.D. Tex. 2012) (same). The Supreme Court has likewise advised that "[t]hose who eschew [the Hague Convention's] procedures risk discovering that the forum's internal law required transmittal of documents for service abroad, and that the Convention therefore provided the *exclusive* means of valid service." *Schlunk*, 486 U.S. at 706 (emphasis added).

WSOU's reliance *Schlunk* is similarly unavailing. Texas courts have expressly distinguished between the Illinois long-arm statute applied in *Schlunk* and the Texas long-arm statute applicable in this case. In *Schlunk*, the lower court expressly concluded that the defendant's domestic subsidiary "is [defendant's] agent for service of process under Illinois law" and, accordingly, complete service could be effected within the United States. *Id.* at 697. Because Texas law—unlike the Illinois law at issue in *Schlunk*—requires transmission of

documents abroad,[3] the Hague Convention provides the exclusive means of valid service in this case.

Analyzing similar issues, numerous courts have held unambiguously that Rule 4(f)(3) cannot generally be used to circumvent the Hague Convention. *See* footnote 2, *supra* (collecting cases concluding that Rule 4(f)(3) cannot be used when proposed service would be effected in the United States); *Rio*, 284 F.3d at 1015, fn. 4; *Compass Bank*, 287 F.R.D. at 394 (S.D. Tex. 2012); *Duarte*, No. 2:13-CV-00050, 2013 WL 2289942, at *2; *Drew Techs., Inc. v. Robert Bosch, L.L.C.*, No. 12-15622, 2013 WL 6797175, at *3 (E.D. Mich. Oct. 2, 2013) (finding "Court ordered service under Rule 4(f)(3) is clearly limited to methods of service made outside of the United States" and expressly rejecting contrary authority). Consistent with this authority and a straightforward reading of the Federal Rules of Civil Procedure, this Court should do the same and dismiss the case for insufficient service of process and resultant lack of personal jurisdiction.

While the Hague Convention itself provides some limited exceptions to its applicability, none of those exceptions apply here. Specifically, the Convention "shall not apply where the address of the person to be served with the document is not known." 20 U.S.T. 361 Art. 1. But here, the Complaint expressly provides an address for OnePlus Shenzhen. ECF No. 1, ¶ 2. The convention also permits exercise of jurisdiction before Hague service has been completed if, after at least six months of diligent efforts to certify service via the Convention, no certificate of

---

[3] Even though the Texas secretary of state may act as agent for service of process, this does not obviate the need to transmit process abroad under Texas law. *Duarte v. Michelin N. Am., Inc.*, No. 2:13-CV-00050, 2013 WL 2289942, at *2-4 (S.D. Tex. May 23, 2013) (Even when Texas secretary of state has been served "it cannot be said that service is completed for purposes of conferring jurisdiction on the court until the documents have been transmitted abroad to the defendant.")

service is provided.  20 U.S.T. 361 Art. 15.  But here, WSOU has made no effort to serve via the Convention, much less "every reasonable effort" as required under the treaty.  *Id*.  Finally, "[i]n case of urgency," a judge may also enter "any provisional or protective measures" before Hague Convention service is perfected.  *Id*.  But neither WSOU's Complaint, nor its motion for alternative service evinces any such urgency.

WSOU's remaining authority is just as readily distinguishable.  In *Nuance Commc'ns, Inc. v. Abbyy Software House*, (626 F.3d 1222 (Fed. Cir. 2010)), the plaintiff established that "the Russian Federation unilaterally suspended all judicial cooperation with the United States in civil and commercial matters in 2003" and submitted evidence that "the Russian Federation does not consider the Hague Service Convention to be in effect between the Russian Federation and the United States."  *Id.* at 1237-38.  No such sovereign-rebuke of the Hague Convention exists here; to the contrary, China (unlike Russia) continues to be recognized by the U.S. State Department as a "Party to the Hague Service Convention." Chiaviello Decl. Exs. 3 and 4.  In *Stream SICAV v. Wang* (989 F. Supp. 2d 264 (S.D.N.Y. 2013)), plaintiff "articulated good reasons why it could not have realistically served Wang" earlier, and explained that executing service would unfairly delay resolution for the other defendants in the case, who were ready to proceed.  *Id.* at 280.  Here, there are no other defendants, and no reason why WSOU could not have begun service under the Hague convention months ago.[4]  In *GLG Life Tech Corp. Sec. Litig.* (287 F.R.D. 262, 264 (S.D.N.Y. 2012)), the address of the foreign defendant to be served was unknown, and counsel for the defendant refused to provide an address for service until it

---

[4] The court in *Stream SICAV* also explained that "Courts in this Circuit generally require a plaintiff first to reasonably attempt service and then to show that the court's intervention is necessary to achieve it."  *Id.*  Again, WSOU has made no such showing.

filed its opposition brief, and even then, provided "no affidavit has been filed indicating the source of the address or providing any basis for believing that the address is in fact correct." *Id.* at 264.  This mooted application of the Hague convention, since it "shall not apply where the address of the person to be served with the document is not known." 20 U.S.T. 361 Art. 1.  In this case, OnePlus Shenzhen's address is expressly pled. ECF No. 1 ¶ 2.  Finally, in *In re LDK Solar Sec. Litig.*, (No. C 07-05182 WHA, 2008 WL 2415186, at *3 ((N.D. Cal. June 12, 2008)) Defendants' counsel suggested "it might be impossible to serve some of [the unserved defendants]"; OnePlus Shenzhen and its counsel make no such suggestion here.

Accordingly, application of alternative service under Rule 4(f)(3) is improper in this case and service to date is ineffective.

B. There Is No Valid Basis To Effect Service By Other Means

Even if Rule 4(f)(3) could be used to circumvent the Hague Convention, Plaintiff still has not shown that the Court ***should*** exercise its discretion to do so.  WSOU's case-authority makes clear that even when Rule 4(f)(3) applies Plaintiff must still explain what "necessitate[s]" court intervention.  *Rio*, 284 F.3d at 1016.

Plaintiff did not explain why it needed alternative service.  While it spent some time arguing that its proposed service method "will provide reasonable notice and an opportunity to be heard" (ECF No. 8 at 4-5), it has not shown any reason why under the specific facts of this case, service via a domestic agent is necessary rather than service via the Hague Convention.  This omission is fatal.  *Baker Hughes Inc.,* No. CIV.A. H-11-3757, 2012 WL 1551727, at *17 (refusing alternative service where Plaintiff "has not explained why the facts and circumstances of the present case necessitate [ ] the district court's intervention.")

10

C. <u>Plaintiff's Habitual Attempts To Abrogate The Hague Convention Undermines International Comity</u>

Many courts have observed that "even when 'other methods of obtaining service of process are technically allowed, principles of comity encourage the court to insist, as a matter of discretion, that a plaintiff attempt to follow foreign law in its efforts to secure service of process upon defendant.'" *Terrestrial Comms LLC v. NEC Corp.*, No. 6-20-CV-00096-ADA, 2020 WL 3452989, at *2 (W.D. Tex. June 24, 2020) *quoting Midmark Corp. v. Janak Healthcare Private Ltd.*, No. 3:14-cv-088, 2014 WL 1764704, at *2 (S.D. Ohio May 1, 2014); *UNM Rainforest Innovations v. D-Link Corp.*, No. 6-20-CV-00143-ADA, 2020 WL 3965015, at *2 (W.D. Tex. July 13, 2020) (same); *C & F Sys., LLC v. Limpimax, S.A.*, 2010 WL 65200, at *2 (W.D.Mich. Jan. 6, 2010).

Allowing alternative service in this case disregards these concerns in both practical and fundamental ways. Normally, following the Convention, Plaintiff would be required to prepare translations of the complaints, patents, and other exhibits at issue, affording management at OnePlus Shenzhen an opportunity to review these documents immediately in their native language. This has not happened. *See Prem Sales, LLC v. Guangdong Chigo Heating & Ventilation Equip. Co.*, No. 5:20-CV-141-M-BQ, 2020 WL 6063452, at *9 (N.D. Tex. Oct. 14, 2020) (finding lack of Chinese translation as further showing that plaintiff's service "falls short of satisfying the dictates of the Hague Convention.") More fundamentally, the treaty was drafted such that the nation signatories could opt for more or less freedom in process of judicial documents, *i.e.,* by objecting to some types of service under Article 10. 20 U.S.T. 361. Bypassing those expectations fundamentally weakens the treaties ability to regulate the conduct of its signatories, thereby ultimately weakening the treaty itself. *See Medellin v. Texas*, 552 U.S. 491, 505 (2008).

11

This concern is not isolated to this case alone. WSOU is a prolific plaintiff, filing 192 district court cases since it began litigating in March 2020. Chiaviello Decl. Ex. 5. Increasingly, it is turning to an improper and unjustified invocation of Rule 4(f)(3), having requested permission to effect alternate service in 26 of its 46 cases filed since October 6, 2020. *Id*. Such requests for alternative service are not limited to actions against Chinese companies. *See, e.g., WSOU Investments LLC v. Canon, Inc.* Case No. 6:20-cv-984, D.E. 8, "Motion for Leave to Effect Alternative Service" (Dec. 3, 2020) (seeking alternate service on a Japanese corporation). Allowing WSOU to use a perceived loophole in the Federal Rules of Civil Procedure is undermining the Hague Convention, and flouting its mutual protections put in place for the benefits not only of foreign defendants sued in the United States, but for United States companies who are sued in foreign jurisdictions.

V. **CONCLUSION**

For the foregoing reasons, OnePlus Shenzhen's motion to dismiss for insufficient service of process and lack of personal jurisdiction should be granted.

Dated: February 26, 2021                       Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

 /s/ *Elizabeth M. Chiaviello*
Elizabeth M. Chiaviello
Texas Bar No. 24088913
*elizabeth.chiaviello@morganlewis.com*
1717 Main Street, Suite 3200
Dallas, TX 75201-7347
T. 214-466-4000
F. 214-466-4001

Michael J. Lyons
(*pro hac vice pending*)
*michael.lyons@morganlewis.com*
Ahren C. Hsu-Hoffman
Texas Bar No. 24053269
*ahren.hsu-hoffman@morganlewis.com*
Jacob J.O. Minne (*pro hac vice pending*)
*jacob.minne@morganlewis.com*
1400 Page Mill Road
Palo Alto, CA 94304
T. 650.843.4000
F. 650.843.4001

***Attorneys for Defendant OnePlus Technology (Shenzhen) Co., Ltd.***

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on February 26, 2021, a true and correct copy of the foregoing document was electronically filed via the Court's CM/ECF system per Local Rule CV-5, which will send a notification of electric filing to all counsel of record who have appeared in this case.

*/s/ Elizabeth M. Chiaviello*
Elizabeth M. Chiaviello
