**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **WSOU INVESTMENTS, LLC D/B/A** | § | |
| **BRAZOS LICENSING AND** | § | **Case No. 6:20-cv-00952-ADA** |
| **DEVELOPMENT,** | § | **Case No. 6:20-cv-00953-ADA** |
| *Plaintiff,* | § | **Case No. 6:20-cv-00956-ADA** |
| | § | **Case No. 6:20-cv-00957-ADA** |
| **v.** | § | **Case No. 6:20-cv-00958-ADA** |
| | § | |
| **ONEPLUS TECHNOLOGY** | § | **JURY TRIAL DEMANDED** |
| **(SHENZHEN) CO., LTD.,** | § | |
| *Defendant.* | § | |

**PLAINTIFF WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING
AND DEVELOPMENT'S OPPOSITION TO
DEFENDANT ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD.'S MOTION TO
<u>STRIKE PLAINTIFF'S AMENDED INFRINGEMENT CONTENTIONS</u>**

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("WSOU") submits its opposition to Defendant's Motion to Strike Plaintiff's Amended Infringement Contentions ("Motion").  OnePlus fails to articulate a viable reason to strike WSOU's ***preliminary*** infringement contentions with prejudice.  OnePlus argues that WSOU "should not be given yet another opportunity to provide preliminary infringement contentions" (Motion at 16), but provides no basis or precedent to support such extraordinary relief.  Indeed, this Court has never found WSOU's infringement contentions deficient in any respect.  Rather, the more pertinent question is why OnePlus continues to baselessly attack WSOU's preliminary infringement contentions when the Court has already denied OnePlus's previous request for the same relief.  OnePlus's Motion is merely a pretext for OnePlus to continue to avoid discovery in this case.

### A. OnePlus's Motion to Strike Should be Denied Because the Motion Violates OnePlus's Agreement to Extend WSOU's Deadline to Serve Final Infringement Contentions

OnePlus's Motion should be denied for the simple reason that OnePlus already agreed to extend, without any restrictions, WSOU's deadline to serve its final infringement contentions. WSOU requested and received an extension to the deadline to serve its final infringement contentions, because OnePlus could not provide depositions noticed in October until mid-January. OnePlus represented that the depositions noticed three months ago were not possible due to purported travel restrictions due to Covid.  (Ex. A.)  Yet, OnePlus's Motion fails to even mention this agreement or the delay from OnePlus in providing relevant discovery.  The Motion seeks to undo this agreement by restricting WSOU's ability to serve final contentions, contrary to the Court's rules.  The Court should not allow this type of gamesmanship.

### B. OnePlus's Motion to Strike Should be Denied Because WSOU Amended its Infringement Contentions in Good Faith to Link All Accused OnePlus Products to the Infringement Charts at OnePlus's Request

OnePlus argues that WSOU has refused to provide infringement contentions that explain

why the infringement chart is representative of other products.  (Motion at 1.)  OnePlus goes as far as saying that "WSOU's charted accused product lacks any plausible basis to be representative of the uncharted products, leaving OnePlus left to guess how WSOU believes these uncharted products infringe."  (Motion at 2).  The Motion, however, later admits that WSOU amended its contentions to include this very information.  OnePlus argues that the new information is not sufficient because it only lists "rudimentary characteristics" of the accused products.  (Motion at 9.)  But, WSOU has fully complied with OnePlus's request to provide additional information to explain why WSOU contends the charts it provided are representative of all of the products, such that a single chart covers all of the products.  *See* Motion Ex. 16 at 4-5; Ex. 17 at 3-4; Ex. 18 at 3-8; and Ex. 19 at 3.

For example, for the 953 case, WSOU amended its contentions to provide citations to public source code that compares the various products along with a hyperlink that directs OnePlus to the relevant information (a portion shown below).



With regards to the 953 case, WSOU identified a common processor, the 5G Qualcomm processor and provided a chart linking the OnePlus product to the common processor (shown below).  *See*

Motion Ex. 18 at 3; Ex. 19 at 3.  The same processor or company that provides the processor is evidence that the same functionality is used across the products.



WSOU has therefore complied with OnePlus's request to provide information regarding why WSOU contends the products are representative based on the public information available to WSOU.  Although OnePlus argues that this is not enough, OnePlus's failure to provide discovery is preventing WSOU from providing more information.  The Court should not allow this type of discovery gamesmanship.

### C.  OnePlus's Motion to Strike Should be Denied Since WSOU Has No Obligation to Admit in its Preliminary Infringement Contentions that the Patents-in-Suit Are Standard Essential Patents

OnePlus argues that the Court should strike WSOU's infringement contentions, incorrectly asserting that WSOU "must candidly disclose that the asserted patents are standard essential." (Motion at 2.)  WSOU, however, is under no obligation to admit or confirm that the patents-in-suit are standard essential, this is an issue for expert reports.  OnePlus knows what functionality that WSOU alleges infringes the patents.  OnePlus even served discovery responses to interrogatory requests indicating its belief that – "the Patent-in-Suit has been asserted in this Litigation in a manner such that it would be a Standard Essential Patent ("SEP") under various 3GPP standards." *See* Ex. B, OnePlus November 10, 2021 responses to WSOU First Set of Interrogatories Nos. 1-8

at 21.  Thus, OnePlus cannot contend that it misunderstands what is accused.  However, OnePlus does not identify any documents or standards in its written discovery response that shows the patents are SEPs.  *Id*.  Footnote 2 of the Motion, however, argues the opposite.  OnePlus implies there are other standards that are somehow relevant to the accused products.  Portions of the Motion argue that there are "different chipsets," "three different communication protocols," that the products can use different "carriers," and that a different operating system may be important.  (Motion at 10-12.)  This information is not addressed at all in OnePlus's written discovery responses and is nothing more than non-infringement arguments, which are not appropriate to address in motions to strike infringement contentions and before discovery is completed.  The parties can disagree on infringement, but the contentions are sufficient as long as WSOU provides a preliminary claim chart addressing the limitations and provides a basis for relying on a single chart for multiple products.  It is possible that once fact and expert discovery progresses - that the patents are found to cover a particular standard.  However, this type of analysis is not required in WSOU's preliminary infringement contentions and is improper.

### D.   OnePlus Should Not be Allowed to Use a Motion to Strike to Raise Purported Non-Infringement Issues

OnePlus's Motion inappropriately raises numerous non-infringement positions including that indirect infringement is not performed, the wrong entity is sued, and seeks dismissal of doctrine of equivalents arguments.  (Motion at 10-12.)  For example, OnePlus's motion to strike raises issues including an "entity" argument that OnePlus USA Corp and not OnePlus (Shenzhen) is responsible for the infringing acts.   (Motion at 14 ("OnePlus USA Corp has primary responsibility to, for example, market, advertise, and promote the accused products.")  But, WSOU has had no opportunity to obtain the discovery necessary to finalize its contentions to test OnePlus's newly disclosed positions, or to refine theories such as infringement under the doctrine

of equivalents. WSOU has provided more than sufficient infringement contentions at this stage of the litigation and has gone to great lengths to amend its preliminary contentions to provide additional information. The redlines submitted with OnePlus's Motion (Motion at Exs. 16-19) confirm that OnePlus's contention that WSOU "ignored" purported deficiencies in WSOU's infringement contentions is wrong. (Motion at 16.) Indeed, all of the cases that OnePlus references in its motion to strike are inapposite. For example, *Davis-Lynch, Inc. v. Weatherford Int'l, Inc.* involved whether the Plaintiff had good cause to amend its contentions under the Eastern District of Texas Local Rules. *See* No. CIV.A. 6:07-CV-559, 2009 WL 81874, at *1 (E.D. Tex. Jan. 12, 2009) ("*Weatherford*"). There is no good cause requirement in this case to serve final infringement contentions under the W.D. Tex. local procedures. Furthermore, OnePlus has already agreed to extend the deadline for WSOU to serve final contentions due to Covid travel restrictions that prevented depositions from taking place. Moreover, the Plaintiff in *Weatherford* failed to identify the accused products and was not diligent in seeking to add them in this case. Here, WSOU has identified the products by model number and provided, at OnePlus's request, information that links the products together. *Texas Instruments Inc. v. Cypress Semiconductor Corp.* did not involve the sufficiency of doctrine of equivalents in preliminary infringement contentions. 90 F.3d 1558, 1568 (Fed. Cir. 1996) ("*Cypress*"). *Cypress* involved a JMOL and looked at whether or not sufficient evidence was presented on doctrine of equivalents at trial. *Id.* ("In sum, we agree with the district court that TI failed to present evidence sufficient to support a finding of infringement under the doctrine of equivalents. Therefore, we affirm the court's grant of JMOL on this issue."). *See also Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2015 WL 1517920, at *10 (N.D. Cal. Apr. 2, 2015) (applying N.D. Cal local rule 3-1(e).) Likewise, *Intellectual Tech LLC v. Zebra Techs. Corp.*, merely ordered the Plaintiff to provide an analysis regarding why Plaintiff's charts

are representative, which WSOU has provided in this case.  *See* Motion at 12 (citing Case No. 6:19-cv-00628-ADA, Dkt. No. 31 (W.D. Tex. Apr. 29, 2020).  OnePlus references *Silicon Labs. Inc. v. Cresta Tech. Corp.*, but the case involved technology where the "relevant information about the products" was publicly available.  Case No. 5:14-cv-03227, 2015 WL 846679, at *2 (N.D. Cal. Feb. 25, 2015).  Here, the information regarding how the products function is not publicly available.  OnePlus has recently made information related to the products available for inspection on a secure computer.  Moreover, OnePlus has indicated that a third-party chip maker has relevant information regarding how the products function.

### E.  OnePlus Failed to Meet and Confer in Good Faith

WSOU implies to the Court that the parties held a meet and confer regarding whether or not the accused products practice a particular standard.  (Motion at 8 ("during meet and confer, WSOU refused to take a position on whether its infringement contentions are predicated on the asserted patents being standard essential.").)  This is false.  The parties held a meet and confer to discuss the scope of OnePlus's objections to WSOU's 30(b)(6) deposition notice.  OnePlus never requested a meet and confer to discuss the deficiencies in WSOU's infringement contentions based on its confusion regarding any standards identified in the contentions.  Indeed, before the meet and confer, the only issue that OnePlus raised was its belief that WSOU had not provided "a description of why a single chart was representative of all of OnePlus's products":

> OnePlus reviewed WSOU's Amended Infringement Contentions, and they remain wholly deficient. WSOU has again failed to chart all the accused products or even—at minimum—provide a description of why a single chart is representative of all of OnePlus's products that WSOU contends are at issue in this case.  OnePlus intends to file a motion to strike or in the alternative compel WSOU to comply with the Court's procedures for infringement contentions.  Please confirm by 5:00 pm ct on Wednesday, November 10 whether WSOU will commit to amending its infringement contentions to comply with the Court's procedures by November 22, or if WSOU opposes OnePlus's motion.

Motion Ex. 20 at 2.  The Motion now admits that WSOU provided this information.  Thus,

OnePlus seeks to strike WSOU's infringement contentions because WSOU did not immediately admit or deny whether or not the patents-in-suit are standards essential during a meet-and-confer that covered a different issue entirely - OnePlus's objections to the 30(b)(6) deposition.

I.      **CONCLUSION**

 For the foregoing reasons, OnePlus's Motion to Strike Plaintiff's Amended Infringement Contentions should be denied in its entirety.

Dated:  December 15, 2021                    RESPECTFULLY SUBMITTED,

By:  */s/ Jonathan K. Waldrop*
     Jonathan K. Waldrop (CA Bar No. 297903)
     (Admitted in this District)
     jwaldrop@kasowitz.com
     Darcy L. Jones (CA Bar No. 309474)
     (Admitted in this District)
     djones@kasowitz.com
     Marcus A. Barber (CA Bar No. 307361)
     (Admitted in this District)
     mbarber@kasowitz.com
     John W. Downing (CA Bar No. 252850)
     (Admitted in this District)
     jdowning@kasowitz.com
     Heather S. Kim (CA Bar No. 277686)
     (Admitted in this District)
     hkim@kasowitz.com
     **KASOWITZ BENSON TORRES LLP**
     333 Twin Dolphin Drive, Suite 200
     Redwood Shores, California 94065
     Telephone: (650) 453-5170
     Facsimile: (650) 453-5171

     Joshua A. Whitehill (NY Bar No. 4766473)
     jwhitehill@kasowitz.com
     (*Pro hac vice* admission)
     Bradley P. Lerman (NY Bar No. 4906079)
     blerman@kasowitz.com
     (*Pro hac vice* admission)
     Howard L. Bressler (NY Bar No. 248379)
     hbressler@kasowitz.com
     (*Pro hac vice* admission)
     Hershy Stern (NY Bar No. 4631024)
     hstern@kasowitz.com
     (*Pro hac vice* admission)
     **KASOWITZ BENSON TORRES LLP**
     1633 Broadway
     New York, NY 10019
     Telephone: (212) 506-1700
     Facsimile:  (212) 506-1800

     Mark D. Siegmund (TX Bar No. 24117055)
     mark@swclaw.com
     **STECKLER WAYNE COCHRAN CHERRY PLLC**
     8416 Old McGregor Road
     Waco, TX 76712
     Telephone: (254) 651-3690
     Facsimile: (972) 387-4041

**Attorneys for Plaintiff**
**WSOU INVESTMENTS, LLC d/b/a**
**BRAZOS LICENSING AND**
**DEVELOPMENT**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served or delivered electronically via U.S. District Court [LIVE] — Document Filing System, to all counsel of record, on this 15th day of December, 2021.

*/s/ Jonathan K. Waldrop*
**Jonathan K. Waldrop**